COLVIN & JOHNSON *vs.* BAKER.

The possession of a person who is in the actual occupation of premises at the time of the docketing of a judgment against him, is *prima facie* evidence of title; and he or any one coming into possession under him, becomes, upon the execution of the sheriff's deed of the premises, on a sale thereof under the judgment, *quasi* tenant at will to the purchasers at the sale; provided he had such an interest in the premises as might be sold, upon the execution against him.

In such a case, the tenant's rights will pass to the purchasers, by operation of law, and he will be estopped from denying their title.

But it may be shown, as a defence to an action of ejectment brought by the purchasers, that the interest of the judgment debtor was not of such a nature as could be sold on execution, and that therefore the plaintiffs really acquired nothing by their deed from the sheriff.

Estates at will, or by sufferance, are not liable, as such, to sale on executions.

Where a judgment debtor, at the time of the docketing of a judgment against him, has no other estate or interest in the premises occupied by him than that of a tenant at will, or by sufferance, the purchasers at the sale of the premises under the judgment will acquire no estate or interest therein by the sheriff's deed, which will enable them to maintain ejectment.

THIS was an action of ejectment to recover six acres of land in the town of Coeymans, in the county of Albany. The plaintiffs claimed the premises in fee. The cause was tried before the Hon. Amasa J. Parker, as referee. The plaintiffs proved a judgment recovered by one Briggs against Martin H. B. Holmes, before a justice of the peace, for $150,93, docketed in the office of the clerk of the county of Albany, on the 13th of August, 1842. Also a deed of the premises, from the sheriff of the county of Albany to the plaintiffs, in pursuance of a sale made by him under an execution issued upon the judgment against Holmes. The deed was dated the 11th of October, 1844. The plaintiffs proved by Holmes that he went into possession of the premises about the first of February, 1841, and remained in possession until two days before the time for redemption under the sheriff's sale expired, when, upon the application of the defendant, he gave up possession to him. Since that time the defendant had been in possession,

Colvin *v.* Baker.

The defendant then offered to prove that on the 7th of February, 1841, Martin H. B. Holmes and his brother Conrad T. E. Holmes were owners, as tenants in common, of certain lands, of which the premises in question were a part, and that on that day, they made partition of their lands, and the premises in question were allotted to Conrad T. E. Holmes. That mutual releases were executed in pursuance of the division; that on the same day Conrad T. E. Holmes conveyed the premises in question to the defendant; and that the only possession of Martin H. B. Holmes was his continuing in possession after the execution of the release.

*A. J. Colvin,* for the plaintiffs.

*L. H. Palmer,* for the defendant.

*By the Court,* HARRIS, P. J. Assuming, as we must in this case, that the facts which the defendant offered to prove are true, I think they constitute a complete defence to the action.

It was undoubtedly enough, in the first instance, for the plaintiffs to prove their title perfected under the judgment against Holmes, and to prove that at the time the judgment was docketed, as well as at the time of the sale, Holmes was in possession of the premises. His possession was *prima facie* evidence of title. He, or any one else, coming into possession under him, became, when the sheriff's deed was executed, *quasi* tenant at will to the plaintiffs, if he had such an interest in the premises as might be sold upon the execution against him. In such a case his rights would pass to the plaintiffs by operation of law, and he would be estopped from denying their title. (*Jackson* v. *Jones,* 9 *Cowen,* 182. *Jackson* v. *Sternbergh,* 1 *John. Cas.* 153.) But, even if Holmes himself had been defendant, I think it would have been competent for him to have shown, that his interest in the premises was such as could not be sold on execution, and that therefore the plaintiffs really acquired nothing by their sheriff's deed. The revised statutes declare that estates at will or by sufferance shall not be liable as such to sale on executions. (1 *R. S.* 722, § 5.) According to the case,

as it now appears, Holmes, at the time the judgment under which the plaintiffs' claim was docketed, had no other estate or interest in the premises, and of course the plaintiffs acquired no estate or interest by their sheriff's deed. By the release executed by Holmes to his co-tenant, in February, 1841, the possession of Holmes was converted into a tenancy, and when the premises were granted to the defendant, Holmes continuing in possession, became a tenant at sufferance of the defendant; the distinction between a tenancy at will and a tenancy by sufferance being, that the former is created by the consent, and the latter by the laches of the owner. The evidence I think was clearly admissible, and the report of the referee must therefore be set aside.

---

SAME TERM.   *Harris, Paige,* and *Parker,* Justices.